[No. C005044. Third Dist. Sept. 25, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID KENNETH THOMPSON, Defendant and Appellant.

1548

**COUNSEL**

Michael R. Barrette for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Roger E. Venturi and Ward A. Campbell, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**DeCRISTOFORO, J.**—In case No. 6539, defendant pleaded guilty to one count of lewd and lascivious acts upon a child under the age of 14 (Pen. Code, § 288, subd. (a)),[1] and in case No. 6553, he pleaded guilty to one count of attempted lewd and lascivious acts upon a child under the age of 14 (§§ 664 and 288, subd. (a)). He was sentenced to the midterm of six years on the section 288, subdivision (a) charge, and a concurrent middle term of three years on the attempted section 288, subdivision (a) charge.

On appeal, defendant contends he was denied equal protection of the law when the trial court refused his request for ancillary defense services of an expert witness.

### DISCUSSION

Essentially, defendant argues he was entitled to a report of a reputable psychiatrist or psychologist pursuant to section 288.1, and the court's refusal to order such a report prior to deciding whether or not to grant defendant

---

[1] Further statutory references to an undesignated code are to the Penal Code.

probation denied him equal protection of the law. Defendant's argument raises two issues. First, was defendant statutorily entitled to a psychiatric or psychological report pursuant to section 288.1? Second, was defendant, an indigent, denied the right to reasonably necessary ancillary defense services? (*Ake* v. *Oklahoma* (1985) 470 U.S. 68, 76-77 [84 L.Ed.2d 53, 61-62, 105 S.Ct. 1087]; *Corenevsky* v. *Superior Court* (1984) 36 Cal.3d 307, 319-320 [204 Cal.Rptr. 165, 682 P.2d 360]; *People* v. *Young* (1987) 189 Cal.App.3d 891, 902 [234 Cal.Rptr. 819].)[2]

Section 288.1 provides: "Any person convicted of committing any lewd or lascivious act including any of the acts constituting other crimes provided for in Part 1 of this code upon or with the body, or any part or member thereof, of a child under the age of 14 years shall not have his sentence suspended until the court obtains a report from a reputable psychiatrist, or from a reputable psychologist who meets the standards set forth in Section 1027, as to the mental condition of that person."

■ When interpreting statutory language, the court is to ascertain the intent of the Legislature, so as to effectuate the purpose of the law. (*Walker* v. *Superior Court* (1988) 47 Cal.3d 112, 121 [253 Cal.Rptr. 1, 763 P.2d 852].) The court must therefore look first to the words of the statute, and where the language is clear, there can be only one meaning. (*Ibid.*)

■ It is clear from the language of section 288.1 that a report is *not* mandated in every lewd or lascivious act case. Only if the trial court is inclined to grant probation must a report be ordered. The language cannot be any plainer: "Any person convicted of committing any lewd or lascivious act . . . upon or with the body . . . of a child under the age of 14 years *shall not have his sentence suspended until the court obtains a report from a reputable psychiatrist, or from a reputable psychologist* . . . ." (Italics added.)

The obvious intent of the Legislature in enacting this statute was to protect society by requiring a psychiatric or psychological report insuring that defendant is a suitable candidate for probation. Where the court, as in this case, has no intention of granting probation, and the record supports such a denial of probation, a section 288.1 report is not mandated. In other words, if after reviewing all the facts, the presentence report and the statements in mitigation and aggravation, the court does not feel that probation is proper, then there is no duty to request a section 288.1 report. Any

---

[2]This right may arise from the right to effective assistance of counsel (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15), the due process clauses of the United States (5th & 14th Amends.) and California (art. I, § 15) Constitutions, or from the equal protection clauses of the United States (14th Amend.) and California (art. I, § 7) Constitutions.

suggestion to the contrary in *People* v. *Franco* (1986) 181 Cal.App.3d 342 [226 Cal.Rptr. 280] is dictum unnecessary to that decision.[3] (*Id.,* at p. 344, 350.)

In the instant case, the trial court considered the presentence probation report, and letters submitted to the court. No statement in mitigation or aggravation was filed. On the information before it, the court was "not inclined" to grant probation and therefore did not order a section 288.1 examination. Further, at sentencing the court considered the criteria affecting the decision whether to grant or deny probation (Cal. Rules of Court, rule 414) and found on balance that probation was inappropriate. Defendant does not contend there was an abuse of discretion, and the record amply supports the court's decision.[4]

Even if defendant were entitled to the appointment of a psychiatrist as a reasonably necessary ancillary defense service, he failed to make the requisite showing of need. (*Corenevsky* v. *Superior Court, supra,* 36 Cal.3d at p. 320; *People* v. *Young, supra,* 189 Cal.App.3d at p. 902.) At the initial date set for sentencing, the following exchange took place: "MR. BRACCIA: At this time, I'm going to ask that this matter be continued. I would ask for two weeks. Mr. Enos intends to seek new, independent medical or psychiatric examination of Mr. Thompson.

"THE COURT: Mr. Enos is not here and he is his attorney. Mr. Enos indicates that he wishes to put on a probation hearing. I have indicated from reading the Probation Officer's Report, that—I will give you an indication and you can give it to him, that I find the 414 criteria present. That is adverse criteria is present and the Court is not inclined to grant a 288.1 examination. It is, therefore, inclined to proceed with sentencing. The only question would be the term. I will give you that indication at this time. [¶] Having read that report—Let the record reflect that the Court has received, read and considered that report and—

"MR. SORGEA: Your Honor, I have also submitted letters from the victim's mother in this matter, and she would like them to be included in the Court's file.

---

[3] The issue in the *Franco* case was whether the trial court had violated *People* v. *Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396] by erroneously using facts underlying two dismissed counts in arriving at its denial of probation. The 288.1 report containing that information had been ordered by the appellate court itself in an earlier (apparently unpublished) review of the case, simply because the defendant had "requested" probation.

[4] The court found the victims, ages eight and nine, to be particularly vulnerable and to have also suffered harm. Further, the defendant took advantage of a position of trust and planned the crimes.

"THE COURT: All right. Give them to the bailiff. If he wishes to waive his time, I will continue it. Mr. Enos has asked, for some reason, and I am not pointing the finger at anyone, but if he wishes to continue this matter to retain somebody, that is a different story. I am not going to go to a 288.1 and I am not going to appoint somebody for him.

"MR. BRACCIA: I understand that, Your Honor."

All defendant requested was two weeks to seek independent medical or psychiatric examination. The court responded it was not inclined to grant a 288.1 examination, or appoint somebody. Defendant's attorney said, "I understand." There was no further discussion of that matter until, after talking again about the continuance and the reasons and need therefor (the absence of defendant's lawyer), the court reminded defense counsel that he should have defendant "evaluated prior to that date and time" to which counsel acquiesced "Yes your honor," and court adjourned as to appellant's case. No specific need was shown. Defendant's reliance on section 288.1 as demonstrating need by definition is of no avail since defendant was not statutorily entitled to such a report.

The judgment is affirmed in all respects. However, the abstract of judgment on the attempted lewd acts judgment (case No. 6553) incorrectly shows the judgment as falling under sections 664 and 288a. The trial court is directed to amend the abstract to show the correct sections as 664 and 288, subdivision (a) and to forward a copy to the Department of Corrections.[5]

Puglia, P. J., and Sparks, J., concurred.

---

[5]Defendant points out that the trial court improperly concluded that defendant was ineligible for probation for the *attempted* lewd acts judgment (case No. 6553) pursuant to section 1203, subdivision (e)(5). Any error was harmless since defendant was already sentenced to state prison and the trial court specifically went through the criteria affecting probation and found that probation was inappropriate in this case.