Filed 2/24/16  P. v. Garcia CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE, | C077821 |
| Plaintiff and Respondent, | (Super. Ct. No. 13SCR07998) |
| v. | |
| HILARIO CESAR GARCIA, | |
| Defendant and Appellant. | |

In June 2014, defendant entered a no contest plea admitting one felony count of engaging in three or more acts of substantial sexual conduct with a child under the age of 14 years.  (Pen. Code, § 288.5, subd. (a); unless otherwise set forth, statutory references that follow are to the Penal Code.)  On appeal, defendant requests reversal of his sentence, claiming his due process rights were violated when, in reliance on a section 288.1 report with factual errors, the trial court refused probation and sentenced defendant

1

to the upper term. Defendant also claims the trial court abused its discretion in imposing the upper term sentence, and requests remand. We disagree and affirm the judgment.

FACTS AND PROCEEDINGS

Defendant was charged by information with six counts of lewd acts upon a child under the age of 14 years (counts I, II, III, VI, VII and VIII; § 288, subd. (a)); sexual penetration against a child under the age of 14 years and more than 10 years younger than defendant (count IV; § 289, subd. (j)); and engaging in three or more acts of "substantial sexual conduct," as defined in section 1203.066, subdivision (b), with a child under the age of 14 years who resides in the same home (count V; §§ 288.5, subd. (a), 1203.066, subds. (a)(8) & (b)). Counts I-VII related to child victim #1; count VIII related to child victim #2. Both alleged victims were defendant's stepdaughters, and the events allegedly took place between January 1, 2011 and December 5, 2012.

Defendant entered a no contest plea to count V, including the factual basis that he engaged in three or more acts of substantial sexual conduct as defined in section 1203.066, subdivision (b) with child victim No. 1. Per the parties' agreement, the remaining charges were dismissed. Defendant waived his rights under *People v. Harvey* (1979) 25 Cal.3d 754, allowing the trial court to consider the dismissed counts for purposes of aggravation and restitution on sentencing. (*People v. Beck* (1993) 17 Cal.App.4th 209, 215.)

There was no stipulated sentence, and defendant acknowledged the minimum and maximum sentences of six and 16 years, respectively, plus fines, penalties, and a registration requirement. Although it does not appear defendant was eligible for probation (§ 1203.066, subd. (a)(8)), the plea agreement provided that defendant was "[n]ot eligible for probation unless [he] receives a favorable 288.1 report." The trial court ordered a section 288.1 report and a report from the probation department.

2

In his section 288.1 report, clinical-forensic psychologist Dr. Kent Caruso recommended that appellant was a suitable candidate for probation. Dr. Caruso discussed "a number of mitigating circumstances," including defendant's minimal prior criminal record, lack of substance abuse, stable mental health, and good work ethic. Dr. Caruso also "opine[d] that [defendant] does not represent any more than a very low risk for further sexual acting out behavior; i.e. representing an ongoing risk to other children in the community."

However, as the probation officer noted in his report, even though defendant had been charged with eight counts of illegal sexual acts against two different child victims, Dr. Caruso's report stated that the case involves only "a single incident," with a single victim.

The probation officer disagreed with Dr. Caruso's conclusions and recommended the maximum term of 16 years for defendant. Defendant, reasoned the probation officer, "t[ook] advantage of a position of trust to commit the crimes, and the victims were particularly vulnerable." And, even though defendant had a low score on the Static-99R, an actuarial measure of risk for sexual offense recidivism, the probation officer concluded that defendant would "pose a threat to the safety of others, specifically children, if not incarcerated." The probation officer also noted defendant was ineligible for probation.

During a sentencing hearing on September 5, 2014, defendant's counsel asked the trial court to order a new section 288.1 report. Defendant argued that Dr. Caruso's apparent factual error regarding the number of offenses and victims undermined the credibility of Dr. Caruso's report, and appeared to lead the probation officer to dismiss Dr. Caruso's report in its entirety. The trial court denied defendant's request and instead continued the matter for two weeks to give defense counsel the opportunity to talk with Dr. Caruso about the report and the apparent error. The additional time would also allow

3

defense counsel to determine whether Dr. Caruso should testify at any sentencing hearing.

At the next scheduled hearing, on September 19, 2014, defense counsel said he had spoken with Dr. Caruso, who would be able to provide a supplemental report within a few weeks. The trial court continued the sentencing.

On October 10, 2014, the court reconvened to consider sentencing. Defense counsel made no further mention of the factual errors in the section 288.1 report. He did not provide any supplemental section 288.1 report, nor did he produce Dr. Caruso as a witness. And, he offered no objection to imposing judgment and sentence.

Based on the reports of both the probation officer and Dr. Caruso, all the charges, and the character references submitted by the defendant, the trial court denied probation and imposed the upper maximum sentence, 16 years' imprisonment, plus fines. The trial court noted that defendant was employed, had a limited criminal record, had cooperated in this matter, and had a low estimated risk of recidivism. However, the trial court concluded defendant was a predator. He abused his position of trust and confidence with the victims and their families, and had inappropriate sexual contact with the victims multiple times.

DISCUSSION

I

Defendant argues that his due process rights were violated and he was prejudiced when, in considering probation and sentencing, the trial court relied on a factually flawed section 288.1 report and refused to order a new one.

While a sentencing or probation hearing is not required to have the same procedural safeguards required at trial, such a hearing violates due process if it is fundamentally unfair. (*People v. Peterson* (1973) 9 Cal.3d 717, 726.) Fundamental unfairness may arise if a court relies on factually erroneous sentencing reports or other

4

incorrect or unreliable information. (*People v. Eckley* (2004) 123 Cal.App.4th 1072, 1080 (*Eckley*); see also *People v. Arbuckle* (1978) 22 Cal.3d 749, 754–755.) For example, in *Eckley,* the court vacated defendant's sentence and denial of probation due to material factual inaccuracies in four sentencing documents. (*Eckley,* at p. 1081.)

*Probation Determination*

We asked the parties for additional briefing on the issue of whether defendant was eligible for probation, and, if he was not, whether he was even eligible for a section 288.1 report.

Defendant responded that, even though he pleaded no contest to committing three or more acts of substantial sexual conduct as defined in section 1203.066, subdivision (b) with a child younger than 14, he was still eligible for probation. Defendant argues probation eligibility was part of his plea bargain because the plea form stated defendant was "not eligible for probation unless [he] receives a favorable [section] 288.1 report," and the court ordered a section 288.1 report.

All defendants are eligible for probation, in the discretion of the sentencing court, unless a statute provides otherwise. (*People v. Aubrey* (1998) 65 Cal.App.4th 279, 282.) Section 1203.066, subdivision (a)(8) prohibits probation for persons who, like defendant here, in violating section 288.5 have substantial sexual conduct with a victim younger than 14. The factors listed in section 1203.066, subdivision (a) were pleaded and also proven via defendant's admission. (§ 1203.066, subds. (a)(8), (b), (d)(1).) Despite any reference to potential eligibility for probation in the plea form, defendant was ineligible for probation.

Under section 288.1, a defendant convicted of a lewd act on a child under 14 "shall not have his or her sentence suspended" until the court receives a report from a reputable psychiatrist or psychologist regarding the defendant's "mental condition." (§ 288.1.) The Legislature enacted this requirement "to protect society by requiring a

5

psychiatric or psychological report insuring that defendant is a *suitable candidate for probation*." (*People v. Thompson* (1989) 214 Cal.App.3d 1547, 1549, italics added.) A defendant is not entitled to a section 288.1 report if he is statutorily ineligible for probation. (See *Ibid*. [section 288.1 report is only required if a court is inclined to grant probation].)

Although we agree it appears Dr. Caruso's report erroneously identified the number of charges and victims, because defendant was statutorily ineligible for probation, even a revised report could not influence whether defendant would receive probation. We disagree that any fundamental unfairness was created by the trial court's reliance on Dr. Caruso's report when it denied probation.

### *Sentencing Determination*

Similarly, we find that no fundamental unfairness was created by the trial court's reliance during sentencing on portions of Dr. Caruso's report. Unlike the trial court in *Eckley, supra*, 123 Cal.App.4th 1072, here the trial court was well aware of the errors in Dr. Caruso's report and did not rely on them. Also, during sentencing the trial court considered other information not challenged on appeal, including the probation officer's report, the other charges, and the character references submitted by defendant.

To the extent defendant argues that a new report would somehow have changed the court's decision regarding sentencing, the trial court gave defendant ample opportunity to have Dr. Caruso amend his report and, indeed, gave defendant the opportunity to call Dr. Caruso to testify at the sentencing hearing if defendant thought either would be to his advantage. We find no error.

### II

Defendant also contends that the trial court abused its discretion in imposing the maximum sentence because it improperly weighed the mitigating and aggravating factors during sentencing and relied on a flawed section 288.1 report.

6

We review a trial court's sentencing decision for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) California's determinate sentencing law (DSL) specifies three terms for most offenses, and the decision to impose an upper term rests within the broad discretion of the trial court. (*Ibid*.) The DSL permits a trial court to base an upper term sentence upon "any aggravating circumstance that the court deems significant . . . [and] 'reasonably related to the decision being made.' " (*Id*. at p. 848, quoting Cal. Rules of Court, rule 4.408(a).) A single valid factor is enough to justify imposition of an aggravated term. (See, e.g., *People v. Forster* (1994) 29 Cal.App.4th 1746, 1759.) A trial court is "required to specify reasons for its sentencing decision, but will not be required to cite 'facts' that support its decision or to weigh aggravating and mitigating circumstances." (*Sandoval,* at pp. 846-847.)

The trial court imposed the upper term because defendant took advantage of his position of trust with the victims. (Cal. Rules of Court, rule 4.421(a)(11).) There is substantial evidence to support this finding. Both victims were defendant's stepchildren, and he lived with them. (See, e.g., *People v. Clark* (1992) 12 Cal.App.4th 663, 666 [finding a position of trust where defendant was victim's stepfather].) Although one of the victims said her relationship with defendant was "not that good," the other victim called defendant "dad" and described their relationship as close, almost like best friends. (*People v. Franklin* (1994) 25 Cal.App.4th 328, 338 [finding a position of trust where defendant and victim had a close relationship, and the victim trusted defendant].) In sum, there is substantial evidence that defendant had a relationship of trust with the victims, and we find no error in the trial court's exercise of its discretion to impose the upper term.

DISPOSITION

The judgment is affirmed.

     HULL     , Acting P. J.

We concur:

     MURRAY     , J.

     RENNER     , J.