Filed 3/4/24  P. v. O'Donnell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C096536 |
| Plaintiff and Respondent, | (Super. Ct. No. P20CRF0407) |
| v. | |
| JAMES THOMAS O'DONNELL, | |
| Defendant and Appellant. | |

A jury found defendant James Thomas O'Donnell guilty of a single count of lewd act on a child under the age of 14 committed against his stepgranddaughter, Jane Doe. The trial court denied O'Donnell probation and sentenced him to the middle term of six years in prison.  On appeal, O'Donnell asserts the trial court was unaware of certain terms and conditions in Penal Code[1] section 1203.066, subdivision (d)(1) relevant to

---

[1] Undesignated statutory references are to the Penal Code.

1

whether to grant probation and thus the court did not exercise its informed discretion in denying probation, the absence of a section 288.1 report further demonstrates the unfairness of his sentencing, and thus remand for resentencing is required. In a supplemental brief, O'Donnell also asserts the trial court misapprehended its sentencing discretion by concluding that, following amendments to section 1170 made by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567), the middle term was the presumptive term of imprisonment. We affirm.

BACKGROUND

An information charged O'Donnell with oral copulation or sexual penetration of a child 10 years old or younger (§ 288.7, subd. (b); count 1), three counts of lewd act on a child under the age of 14 (§ 288, subd. (a); counts 2-4), and continuous sexual abuse of a child under the age of 14 (§ 288.5, subd. (a); count 5). Jane Doe was the alleged victim in each count. Prior to trial, the trial court granted the prosecutor's motion to dismiss count 5.

*The Trial*

Jane Doe was 14 years old when she testified. O'Donnell was her stepgrandfather. Doe used to spend time at O'Donnell's house. She testified that O'Donnell would touch and rub her vagina with his hands when she would sit on his lap. He would touch her both over and under her clothes. This occurred more than once. O'Donnell told Doe, "[T]his is what grandpas do and that it felt good for [her] and for him." If Doe tried to wiggle away, O'Donnell would pull her back onto his lap. Doe believed she was four years old the first time the touching happened, and it continued until she was seven. Although she initially had been too scared to tell anyone about what O'Donnell had done to her, when she was 12, Doe realized what O'Donnell had done was wrong and she told her best friend about it. Then she told her mother.

O'Donnell testified he never rubbed Doe's vaginal area. He testified Doe never sat on his lap because of work-related injuries he had sustained. He testified that he had a

2

torn left hip, he had undergone surgeries on both knees, he had a herniation of his lower discs, and he had a fused neck.

*Verdict and Sentencing*

The jury found O'Donnell guilty on count 2 and not guilty on counts 3 and 4. With the jury unable to reach a verdict on count 1, the trial court declared a mistrial as to that count, and subsequently granted the prosecutor's motion to dismiss that count.

In the prosecution's sentencing memorandum, in the section discussing probation, the prosecutor stated: "Pursuant to . . . section 1203.066(d)(1), '[i]f a person is convicted of a violation of . . . section 288 . . . and the factors listed in subdivision (a) are not pled or proven, probation may only be granted if the following terms and conditions are met.' . . . [S]ection 1203.066 lists certain conditions that must be met as well as the court shall order a report pursuant to . . . section 288.1. [¶] The defendant could be eligible for probation if the factors listed in . . . section 1203.066(d) are met, but the People request that probation not be granted in this case."

At sentencing, the prosecution noted it had submitted its sentencing memorandum, and, as stated in the sentencing minute order, the trial court considered the memorandum. Defense counsel requested probation and asserted that a six-year term "essentially amounts to a life sentence" given O'Donnell's age (he was 72 at sentencing) and medical circumstances.

The trial court reviewed the factors for and against probation. The factors against probation included the vulnerability of the victim (Cal. Rules of Court, rule 4.414(a)(3)),[2] O'Donnell inflicted physical or emotional injury (rule 4.414(a)(4)), the manner in which the crime was carried out demonstrated criminal sophistication or professionalism (rule 4.414(a)(8)), and O'Donnell took advantage of a position of trust or confidence (rule

---

[2] Further rule references are to the California Rules of Court.

3

4.414(a)(9)). The court noted O'Donnell indicated a willingness to comply with probation terms. (Rule 4.414(b)(3).)**[3]** However, the court further observed that O'Donnell refused to acknowledge wrongdoing and lacked remorse under rule 4.414(b)(7). The court continued: "I cannot say that there is a likelihood that if Defendant is not imprisoned, he will be a danger to others pursuant to Rule 4.414(b)(8); however, the only factors that favor probation are Rule 4.413(a) that statutory provisions do not prohibit a grant of probation, Rule 4.413(c)(2)(C), that Defendant is aged and has no significant record of prior offenses, and Rule 4.414(b) that he has indicated a willingness to comply with the terms and conditions of probation. [¶] The Court notes that no factors or circumstances in aggravation were alleged in this case. The only circumstance in mitigation that the Court can see is that the Defendant has no prior record, pursuant to Rule 4.423(b)(1)." The trial court in effect denied probation and sentenced O'Donnell to the middle term of six years on count 2, stating: "The Court does not find that the factors in mitigation would justify a deviation from the midterm. The Court imposes the midterm of six years in state prison."

DISCUSSION

I

*Trial Court's Exercise of Informed Discretion as to Whether to Grant Probation*

O'Donnell asserts the trial court was unaware of the terms and conditions in section 1203.066, subdivision (d)(1) relevant to granting probation for offenders convicted of violating section 288. Therefore, O'Donnell asserts, the trial court did not exercise informed discretion as to whether to grant probation, and he is entitled to remand

---

**[3]** The trial court cited rule 4.414(b)(4), which addresses a defendant's *ability* to comply with reasonable terms of probation, whereas rule 4.414(b)(3) addresses a defendant's *willingness* to comply with the terms of probation.

for resentencing. He asserts the absence of a report pursuant to section 288.1 further highlights the unfairness of his sentencing.

The People contend that O'Donnell forfeited his contentions. As to the merits, the People assert the record does not rebut the presumption that the trial court was aware of existing law or establish that the trial court was unaware of its sentencing discretion. The People assert the court was not required to discuss the "additional prerequisites for granting probation under section 1203.066, subdivision (d)." The People also assert that, because the trial court was not inclined to grant probation, it was not required to order a report under section 288.1. We agree with the People on each point.

"[C]laims involving the trial court's failure to properly make or articulate its discretionary sentencing choices" are subject to forfeiture and cannot be raised for the first time on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 353.) At sentencing, defense counsel did not raise the trial court's failure to discuss the terms and conditions in section 1203.066, subdivision (d)(1). Had O'Donnell raised such an objection, the trial court could have explicitly addressed its consideration of these terms and conditions. And, while O'Donnell asks us to review his claim concerning the section 288.1 report despite any forfeiture, and raises an ineffective assistance of counsel claim in the alternative, he does not explicitly advocate either of these positions in connection with his section 1203.066, subdivision (d)(1) claim. O'Donnell thus forfeited this contention. In any event, remand for resentencing is not required.

Section 1203.066, subdivision (d)(1) provides: "If a person is convicted of a violation of Section 288 or 288.5, and the factors listed in subdivision (a) are not pled or proven, probation may be granted only if the following terms and conditions are met: [¶] (A) If the defendant is a member of the victim's household, the court finds that probation is in the best interest of the child victim. [¶] (B) The court finds that rehabilitation of the defendant is feasible and that the defendant is amenable to undergoing treatment, and the defendant is placed in a recognized treatment program designed to deal with child

5

molestation immediately after the grant of probation or the suspension of execution or imposition of sentence.  [¶]  (C) If the defendant is a member of the victim's household, probation shall not be granted unless the defendant is removed from the household of the victim until the court determines that the best interests of the victim would be served by the defendant's return.  While removed from the household, the court shall prohibit contact by the defendant with the victim, with the exception that the court may permit supervised contact, upon the request of the director of the court-ordered supervised treatment program, and with the agreement of the victim and the victim's parent or legal guardian, other than the defendant.  [¶]  (D) If the defendant is not a member of the victim's household, the court shall prohibit the defendant from being placed or residing within one-half mile of the child victim's residence for the duration of the probation term unless the court, on the record, states its reasons for finding that this residency restriction would not serve the best interests of the victim.  [¶]  (E) The court finds that there is no threat of physical harm to the victim if probation is granted."

"When being sentenced, a defendant is entitled to decisions made by a court exercising informed discretion.  [Citation.]  A court acting while unaware of the scope of its discretion is understood to have abused it." (*People v. Tirado* (2022) 12 Cal.5th 688, 694.)  As a general rule, however, " ' "a trial court is presumed to have been aware of and followed the applicable law." ' " (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 398; accord, *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1390 (*Gutierrez*).) "[I]n light of the presumption on a silent record that the trial court is aware of the applicable law, including statutory discretion at sentencing, we cannot presume error where the record does not establish on its face that the trial court misunderstood the scope of that discretion." (*People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527.)  " '[R]emand is unnecessary if the record is silent concerning whether the trial court misunderstood its sentencing discretion.  Error may not be presumed from a silent record.' " (*People v. Czirban* (2021) 67 Cal.App.5th 1073, 1097.)  The burden is on the party challenging the

6

sentence to demonstrate an abuse of discretion. (See *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977.) "To meet this burden, the [appellant] must 'affirmatively demonstrate that the trial court misunderstood its sentencing discretion.' " (*People v. Lee* (2017) 16 Cal.App.5th 861, 866.)

As set forth above, in deciding against probation, the trial court expressly considered factors in favor of, and against, probation as set forth in rule 4.414, as well as considerations relevant to probation set forth in rule 4.413. It did not mention the terms and conditions in subdivision (d)(1) of section 1203.066.

O'Donnell has not directed us to a published case stating that, where a trial court otherwise properly considered criteria relevant to probation in rule 4.414 and denied probation, the court's failure to also expressly discuss the terms and conditions in section 1203.066, subdivision (d)(1) established that the court was unaware of the scope of its sentencing discretion. In any event, notwithstanding the trial court's failure to refer to the terms and conditions in section 1203.066, subdivision (d)(1), we presume the trial court was " ' "aware of and followed the applicable law." ' " (*People v. Bryant, Smith and Wheeler, supra*, 60 Cal.4th at p. 398; accord, *Gutierrez, supra*, 58 Cal.4th at p. 1390.) While the court did discuss the criteria in favor of and against probation, and it did not refer to section 1203.066, this is insufficient to meet O'Donnell's burden of affirmatively establishing that the court misunderstood or was unaware of the scope of its sentencing discretion. That the court did not refer to the terms and conditions in section 1203.066, subdivision (d)(1) does not establish it was unaware of that section, and, in light of the operative presumption, we presume it was.

Further, the record is *not* silent as to whether the court was aware of section 1203.066; the record establishes the court was aware of that section. The prosecution's sentencing memorandum specifically discussed that section, as well as the fact that "defendant could be eligible for probation if the factors listed in . . . section 1203.066(d) are met . . . ," ensuring these matters were brought to the attention of the trial court.

7

Moreover, at sentencing, the prosecution noted it had submitted this sentencing memorandum, and the sentencing minute order indicates the court considered that memorandum. Thus, on its face, the record establishes the court was aware of section 1203.066, subdivision (d)(1).

O'Donnell raises the prosecutor's failure to bring section 1203.066 to the trial court's attention at sentencing, asserting that her silence violated her duty to protect his rights. (See *People v. Sherrick* (1993) 19 Cal.App.4th 657, 660-661 [discussing prosecutor's duty to safeguard the defendant's constitutional rights and obligation to correct erroneous impressions of the defendant's legal status at probation and sentence hearing].) Elsewhere, O'Donnell goes so far as to suggest the prosecutor deliberately concealed the relevant law from the trial court. However, the record does not establish the court was unaware of section 1203.066 and its sentencing discretion. Thus, there was no need to "correct" the court. We also reiterate that the prosecutor raised section 1203.066 in her sentencing memorandum, which the trial court had reviewed.[4]

As for O'Donnell's contention that the absence of a report under section 288.1 further demonstrates the unfairness of his sentencing, that section provides: "Any person convicted of committing any lewd or lascivious act including any of the acts constituting other crimes provided for in Part 1 of this code upon or with the body, or any part or member thereof, of a child under the age of 14 years shall not have his or her sentence suspended until the court obtains a report from a reputable psychiatrist, from a reputable psychologist who meets the standards set forth in Section 1027, as to the mental condition of that person." (§ 288.1.) O'Donnell asserts that, because section 1203.066

---

[4] For the same reasons, O'Donnell's assertion that the People conceded the point concerning the prosecutor's alleged violation of her duty by failing to respond to that argument in their respondent's brief is without merit.

required the court to evaluate his suitability for probation aided by a section 288.1 report, and no such report was prepared, this gives rise to an additional basis for resentencing.

A section 288.1 "report is *not* mandated in every lewd or lascivious act case. Only if the trial court is inclined to grant probation must a report be ordered." (*People v. Thompson* (1989) 214 Cal.App.3d 1547, 1549.) "Where the court . . . has no intention of granting probation, and the record supports such a denial of probation, a section 288.1 report is not mandated. In other words, if after reviewing all the facts, the presentence report and the statements in mitigation and aggravation, the court does not feel that probation is proper, then there is no duty to request a section 288.1 report." (*Ibid.*) It is clear the trial court was disinclined to grant probation. As such, the section 288.1 report was not mandated. (*Thompson,* at p. 1549.) Among other things, O'Donnell criticizes reliance on *Thompson* because that case was decided years ago, and section 1203.066 has been amended since. O'Donnell has not persuaded us that the foregoing statements from *Thompson* are no longer valid and no published case has held as much.

II

*The Trial Court's Imposition of the Middle Term*

In his supplemental brief, O'Donnell asserts the trial court misunderstood its sentencing discretion, and thus abused its discretion, by concluding that the middle term was the presumptive term of imprisonment. O'Donnell emphasizes the trial court's statement that the court did "not find that the factors in mitigation *would justify a deviation from the midterm*." (Italics added.) O'Donnell contends that, by using the word "deviation," the court showed it was under the misapprehension that the law designated the middle term as the presumptive term. Acknowledging he did not raise this claim in the trial court, O'Donnell urges us to exercise our discretion to consider the issue, and, in the alternative, he asserts any forfeiture resulted from ineffective assistance of counsel. The People respond that O'Donnell's contention is forfeited, and, in any event, the trial court understood the middle term was the presumptive maximum term.

9

We will address O'Donnell's claim on its merits.  Again, we agree with the People's position.

Section 1170, as amended by Senate Bill 567, provides, in pertinent part:  "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)."  (§ 1170, subd. (b)(1), as amended by Stats. 2021, ch. 731, § 1.3.)

There are cases which state that, following passage of Senate Bill 567, under section 1170, subdivision (b), the middle term is now the presumptive term unless aggravating circumstances, either stipulated to by the defendant or proved true beyond a reasonable doubt, justify an upper term sentence.  (See, e.g., *People v. De La Rosa Burgara* (2023) 97 Cal.App.5th 1054, 1060.)  It may be more accurate to say that section 1170, subdivision (b) as amended "creates a presumption that the middle term is the default maximum sentence" (*People v. Falcon* (2023) 92 Cal.App.5th 911, 925, review granted Sept. 13, 2023, S281242), or to forgo any suggestion of a presumptive term at all.

In any event, even assuming the middle term is not a presumptive term under section 1170, subdivision (b), the mere fact the trial court stated that the "court does not find that the factors in mitigation would justify a deviation from the midterm" does not establish the court erroneously believed the middle term was the presumptive term of imprisonment.  The trial court's statement could be read as indicating the court found the factors in mitigation did not justify a deviation *from the sentence it intended to impose*, the middle term.  Alternatively, the court's remark could be read as indicating that the factors in mitigation did not justify a deviation from the maximum term it could impose in the absence of sufficiently proven aggravating factors.

10

As stated, " ' "a trial court is presumed to have been aware of and followed the applicable law." ' " (*People v. Bryant, Smith and Wheeler, supra*, 60 Cal.4th at p. 398; accord, *Gutierrez, supra*, 58 Cal.4th at p. 1390.) O'Donnell has not satisfied his burden of affirmatively showing the court committed error in applying newly amended section 1170, subdivision (b).

## DISPOSITION

The judgment is affirmed.


<u>       /s/       </u>
BOULWARE EURIE, J.


We concur:


<u>    /s/      </u>
MAURO, Acting P. J.


<u>     /s/     </u>
MESIWALA, J.