Filed 3/6/26  P. v. Aguirre CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VICTOR ERNESTO AGUIRRE,<br><br>    Defendant and Appellant. | B342387<br><br>(Los Angeles County<br>Super. Ct. No.<br>BA513474) |

_____

APPEAL from a judgment of the Superior Court of Los Angeles County, James R. Dabney, Judge.  Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland and Susan Sullivan Pithey, Assistant Attorneys General, Steven D. Matthews and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury found Victor Aguirre (appellant) guilty on four counts of lewd acts on a minor (Pen. Code[1], § 288, subd. (a)). On appeal, he argues that there is insufficient evidence to support any of the counts, and that the trial court erred in denying him probation. We disagree and affirm.

## FACTS AND PROCEDURAL BACKGROUND

### 1. Facts

Between the ages of five and 14, Z.O. and her siblings regularly stayed with their grandmother in Los Angeles. The grandmother's home is on a lot with another house in the back and a separate garage on the side. Appellant lived in the back house with his wife, and was "like an uncle" to Z.O.

When Z.O. was six or seven, she sat on a couch next to appellant to teach him English. Appellant placed his hand on her lap "moving [it] back and forth like up and down in circles." She felt uncomfortable and moved away.

When Z.O. was around the same age, she and her younger brother followed appellant into the garage. Z.O. played with balls on the pool table across from her brother, before he eventually left the garage. Appellant walked up behind Z.O., "unbuckle[d] his belt," "put[] his pants down," "lower[ed]" her pants, and placed "his private part on [her] rear." He also grabbed her hand and placed it on his penis. Z.O. told her older sister that she had felt something touch her in the garage, and her sister told her not to tell their grandmother.

On another occasion, when Z.O. "was about 10 or 11," she sat at her grandmother's kitchen table next to appellant to have dinner. Z.O.'s grandmother was in the kitchen preparing the

---

[1] Undesignated statutory references are to the Penal Code.

food.  Meanwhile, appellant pulled his chair closer to Z and "put his hand in [her] lap."  He moved his hand up her pant leg, underneath her underwear, and placed it on her vagina.

## 2.  Procedural history

In March 2023, appellant was charged with two counts of sexual penetration of a child 10 years or younger (§ 288.7, subd. (b)), and four counts of lewd or lascivious acts with a child under the age of 14 (§ 288, subd. (a)).

After the preliminary hearing, the trial court dismissed one count of sexual penetration of a child (§288.7, subd. (b)) and held appellant to answer on the remaining five counts.

The matter proceeded to trial by jury.  At the close of evidence, the trial court dismissed the second count of sexual penetration of a child.  The jury then found appellant guilty on the remaining four counts of lewd acts with a child under the age of 14.  With respect to each count, it also found true the aggravating factor that appellant took advantage of a position of trust (Cal. Rules Court, rule 4.421(a)(11)).

The trial court denied probation and sentenced appellant to a total of 12 years in state prison.

## DISCUSSION

## 1.  Substantial evidence supports each count of lewd conduct

To assess the sufficiency of the evidence, "we review the whole record to determine whether *any* rational trier of fact could have found the essential elements of the crime . . . beyond a reasonable doubt."  (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.)  The record must contain substantial evidence to support the verdict, meaning evidence "that is reasonable, credible, and of solid value."  (*Ibid*.)  "In applying this test, we review the

3

evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence." (*Ibid*.) " 'Conflicts and even testimony [that] is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends.' " (*Ibid*.) " 'Moreover, unless the testimony is physically impossible or inherently improbable, testimony of a single witness is sufficient to support a conviction.' " (*People v. Brown* (2014) 59 Cal.4th 86, 106.)

Section 288, subdivision (a), provides in relevant part: "a person who willfully and lewdly commits any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony." The statute is violated if there is " 'any touching' of an underage child accomplished with the intent of arousing the sexual desires of either the perpetrator or the child." (*People v. Martinez* (1995) 11 Cal.4th 434, 442 (*Martinez*).)

Substantial evidence supports each of the four counts. Z.O. testified to each occurrence of appellant's lewd contact— appellant's touching her on the couch, placing his penis against her "butt cheeks" and placing her hand on his penis in the garage (these were two separate counts), and touching her vagina beneath the kitchen table. (See *People v. Jones* (1990) 51 Cal.3d 294, 316 [in child molestation cases, all that is necessary to sustain a conviction is the victim's testimony describing the acts with sufficient specificity, the number of acts, and the general

4

time period to assure they were committed within the applicable limitations period].)

With respect to the couch incident, appellant argues that there was insufficient evidence that he "harbored the requisite 'lewd intent.' " We disagree. Z.O. testified that appellant placed his hand on top of her lap and moved it "back and forth [and] up and down in circles," which caused her to feel "uncomfortable" and to move from the couch to the floor. Viewed in the light most favorable to the prosecution, this testimony provides ample support for the jury's finding of lewd intent. The finding is further bolstered by appellant's "other acts of lewd conduct" found in this case, which were more obviously sexually motivated. (*Martinez, supra*, 11 Cal.4th at p. 445 [the trier of fact " 'looks to all the circumstances' " to determine intent, including such factors as "other acts of lewd conduct admitted or charged in the case"]; cf. *People v. Morales* (2018) 29 Cal.App.5th 471, 478 [prior sexually motivated touching provided basis to reasonably infer similar intent in later instances].)

Appellant also urges that the other three counts are not supported by substantial evidence because Z.O.'s testimony was "physically impossible or inherently improbable." Specifically, appellant points to the lack of any other witnesses to the events described by Z.O., even though there were apparently other people nearby, and to Z.O.'s omission in her report to investigating officers of the detail that appellant had placed her hand on his penis. Neither of these circumstances renders Z.O.'s testimony inherently improbable. The fact that no one else in the household saw the inappropriate touching does not render Z.O.'s testimony " 'unbelievable per se.' " (*People v. Ennis* (2010) 190 Cal.App.4th 721, 725.) That appellant would act in a manner to

5

avoid being seen by others is far from unbelievable.  (See *People v. Falsetta* (1999) 21 Cal.4th 903, 915 [observing that sex crimes "[b]y their very nature . . . are usually committed . . . without third party witnesses or substantial corroborating evidence"].)  And even where testimony may be characterized as " '[*h*]*ighly implausible*,' " we must defer to the trier of fact.  (*Ennis*, at p. 725.)  With respect to Z.O.'s omission in her report to investigators of a detail she later testified to, appellant's claim "amounts to nothing more than an attack on witness credibility," and thus falls short of warranting reversal.  (*Ibid*.)  None of the cases appellant cites bear any meaningful similarity to the case at hand.  (E.g., *People v. Lang* (1974) 11 Cal.3d 134, 137 [appellate counsel was ineffective for failing to argue for reversal based on inherent improbability of testimony by twin sisters that appellant put his hand in each of their vaginas for minutes at a time at a party in the presence of six to 12 people]; *People v. Carvalho* (1952) 112 Cal.App.2d 482, 489–491 [it was "unbelievable *per se*" that the testifying witness had been kidnapped by her husband, where her testimony showed she had various opportunities to escape, but instead bathed him and had sex with him, and did not contact police until one month later]; *People v. Casillas* (1943) 60 Cal.App.2d 785, 794 [where sole witness gave three completely conflicting accounts of the same events, "the evidence [was] so lacking in substantiality as to truth or credibility that it [fell] far short of that quantum of verity, reasonableness and substantiality required" to show "guilt beyond a reasonable doubt"].)  Z.O.'s testimony here was neither physically impossible nor inherently improbable, and it provides a substantial evidentiary basis for each conviction.

## 2. The trial court acted within its discretion in denying probation

"A trial court has broad discretion to determine whether a defendant is suitable for probation." (*People v. Bradley* (2012) 208 Cal.App.4th 64, 89; accord, *People v. Welch* (1993) 5 Cal.4th 228, 233.) An appellant bears a heavy burden in showing an abuse of such discretion: He must show that "the denial of probation was arbitrary, capricious or exceeded the bounds of reason." (*Bradley*, at p. 89.)

In their sentencing brief, the People urged the trial court to deny probation because none of the conditions enumerated in section 1203.066, subdivision (d) are met.[2] At the hearing, defense counsel argued that appellant's "risk of re-offense is rather low", and urged the court to "impose a sentence, either probation or [the] low term" in recognition that "rehabilitation and treatment rather than lengthy incarceration would better serve the interest of justice." The People countered that appellant deserves the maximum given the span of years over which he abused Z.O., and given that he came to court and lied about what he had done, as shown by the jury's verdict. The trial court denied probation, finding it "not appropriate pursuant to

---

[2] This subdivision provides, in relevant part: "(d) [¶] (1) If a person is convicted of a violation of Section 288 or 288.5, and the factors listed in subdivision (a) are not pled or proven, probation may be granted only if the following terms and conditions are met: [¶] . . . [¶] (B) The court finds that rehabilitation of the defendant is feasible and that the defendant is amenable to undergoing treatment, and the defendant is placed in a recognized treatment program designed to deal with child molestation immediately after the grant of probation or the suspension of execution or imposition of sentence.

7

1203.066," and sentenced appellant to a total of 12 years in state prison.

Appellant argues that the trial court's remarks leave it "unclear" whether it was erroneously relying on section 1203.066, subdivision (a)[3] to deny appellant probation, or whether it was making a finding under section 1203.066, subdivision (d). Nothing in the record affirmatively suggests that the trial court relied on an erroneous provision in denying probation, and "[a]bsent evidence to the contrary, we presume that the trial court knew the law and followed it." (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042.) Appellant also suggests that the court was required to consider a psychological report under section 288.1 before denying probation. As the People observe, however, section 288.1 only requires such a report if the court is inclined to grant probation.[4] (Accord, *People v. Thompson* (1989) 214 Cal.App.3d 1547, 1549.) The trial court acted within its discretion in denying appellant probation.

---

[3] This provision enumerates categories of defendants who are ineligible for probation, and the parties do not dispute that it does not pertain to appellant.

[4] Section 288.1 provides: "Any person convicted of committing any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child under the age of 14 years shall not have his or her sentence suspended until the court obtains a report from a reputable psychiatrist . . . as to the mental condition of that person."

**DISPOSITION**

The judgment of conviction is affirmed.

NOT TO BE PUBLISHED.


LUI, P. J.


We concur:



RICHARDSON, J.



GILBERT, J.*

---

* Retired Presiding Justice of the Court of Appeal, Second Appellate District, Division Six, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9